# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

AISHA PANKEY,

        Plaintiff,

v.

R. EVANS,

        Defendant.

2:11-cv-00427-PMP-LRL

**O R D E R**

    Plaintiff has submitted an Application to Proceed *In Forma Pauperis* and a Complaint (#1). The court finds that plaintiff is unable to prepay the filing fee. Further, although the court will dismiss the Complaint, it will do so without prejudice to allow plaintiff to cure the deficiencies listed below.

**I.**    *In Forma Pauperis* **Application**

    Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, her request to proceed *in forma pauperis* will be granted pursuant to § 1915(a).

**II.**    **Screening the Complaint**

    Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russel v. Landrieu*, 621 f.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### III.  Instant Complaint

Plaintiff has filed a Complaint against "R. Evans Las Vegas Police Officer" using the court's form to file § 1983 actions. She seeks unspecified relief for "pain and suffering; being arrest 6 days - rough violence by police behavior and also lose of car rental that I had rented - do to banking account." Complaint (#1-1) at 9. She writes as the "Nature of the Case," that she arrived in Las Vegas on May 5, 2010. She was arrested the following day and spent six days at "Desert Springs" prison, during which time she lost the car rental. She explains that she wrote a complaint, but a supervisor said nothing could be done and referred her to the "Head Chief." The "Head Chief" evidently told plaintiff to go to the City Hall building and complain. Complaint (#1-1) at 3.

Plaintiff has set forth no particular facts that would entitle her to relief, nor has she articulated any legal grounds for relief. In the spaces provided under "count I," "count II," and "count III," she does not allege that any particular civil rights were violated. Instead, in the space where she is called upon to allege which civil rights have been violated under "count I," plaintiff wrote, "Yes they were; not a resident of Las Vegas, just visiting." *Id.* at 4. In the space provided to allege facts in support of the count, she merely referred the court to her statements under "Nature of the Case." Hence, her Complaint must be dismissed for failure to state a claim upon which relief may be granted. Plaintiff will, however, be given an opportunity to amend the Complaint to cure the deficiencies listed above.

Accordingly, and for good cause shown,

1     IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

2     IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion
3  without necessity of prepayment of any additional fees, costs, or security.  This Order granting *forma*
4  *pauperis* status shall not extend to the issuance of subpoenas at government expense.

5     IT IS FURTHER ORDERED that the Clerk of Court shall file the complaint.

6     IT IS FURTHER ORDERED that the Complaint is dismissed without prejudice.

7     IT IS FURTHER ORDERED that plaintiff shall file an amended complaint by July 7, 2011 or
8  her case will be dismissed with prejudice.

9     DATED this 7th day of June, 2011.

_____

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**